UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 7 |
|  | : |  |
| MEGHAN E. PRESSMAN, | : | Case No. 23-10259 (MEW) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

**DECISION AND ORDER DENYING SECOND MOTION
TO EXTEND TIME TO OBJECT TO DISCHARGE**

On August 15, 2023, William B. Pressman and Edmund P. Pressman, appearing *pro se*, filed a second Motion under Federal Rules of Bankruptcy Procedure to Extend the Time to Object to Discharge Under Rule 4004. [ECF No. 30]. A hearing on this motion was held on August 30, 2023 (the "Hearing").

The Debtor filed this bankruptcy case on February 24, 2023. The first meeting of creditors was scheduled to take place on March 24, 2023 [ECF No. 5]. Pursuant to Rule 4004, that meant that any objection to the Debtor's discharge, or any proceeding seeking a determination as to whether particular debts could be discharged, had to be filed no later than May 23, 2023. The Debtor consented to the entry of two orders in this case that extended the Pressmans' deadline for filing such objections to June 23, 2023. [ECF Nos. 19, 21.] The Pressmans (through counsel) conducted discovery and represented, at the time that the second extension was requested, that the extension would be sufficient to enable them to file any objections to discharge that they wished to pursue. However, at some point in June the Pressmans elected to terminate the services of their counsel. The June 23, 2023 deadline then came and went without action by the Pressmans.

The Pressmans' former counsel filed a motion seeking to withdraw as counsel on July 12, 2023 [ECF No. 22], and an order granting that relief was entered on August 10, 2023 [ECF No. 28]. The Pressmans filed their first motion for an extension of the deadline for the filing of objections to discharge on July 20, 2023 [ECF No. 23], which was almost a month after the deadline had already passed. Rule 4004(b)(1) of the Federal Rules of Bankruptcy Procedure provides that a motion seeking to extend the time to object to discharge ordinarily must be filed prior the time that the deadline expires. The only exception is set forth in Rule 4004(b)(2), which states:

> A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the motion is based.

See Fed. R. Bankr. P. 4004(b). Rule 9006(b)(3) also makes clear that a Court may only enlarge the time for taking action under Rule 4004 "to the extent and under the conditions stated in" Rule 4004(b) itself. See Fed. R. Bankr. P. 9006(b)(3).

The Court denied the Pressmans' first post-deadline motion for an extension in an order dated August 10, 2023 [ECF No. 29]. The Court noted that the Pressmans' motion had merely argued that the Debtor was not entitled to a discharge, without addressing the relevant factors under Rule 4004(b)(2). The Pressmans also acknowledged, during a hearing, that all of the facts upon which they relied were derived from information that was set forth in the Debtor's schedules (which had been filed in March 2023 and amended in May 2023) or in other sources that predated the deadline of June 23, 2023. The Court therefore ruled that the Pressmans had not shown a basis for relief under Rule 4004(b)(2). However, left open the opportunity for the movants to proceed if they could establish that after June 23, 2023 they learned of new facts

2

showing a newly-discovered concealment of property that would warrant an extension under Rule 4004(b).

The Pressmans promptly filed a second motion for an extension of the deadline. Their primary contention in the second motion is that their former counsel allegedly did not tell them of the deadline and allegedly failed in his responsibility to ensure that the deadline was extended. Even if that were true, such alleged failures of counsel would not be proper grounds for relief under Rule 4004(b). It is well-settled that parties are responsible for the acts, omissions and knowledge of their attorneys, and any failures of counsel to comply with known deadlines (or to obtain extensions of those deadlines) are attributable to the clients themselves. *See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993) (confirming that parties are responsible for the conduct of their attorneys and cannot obtain relief from deadlines based on lawyers' alleged failures unless the lawyers' own failures could be excused); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."); *United States v. Malachowski*, 623 Fed. App'x. 555, 557 (2d Cir. 2015) (summary order) (late filing not excused by mistakes that counsel made); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) ("[P]arties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct."); *Davidowitz v. Patridge*, No. 08 Civ. 6962 (NRB), 2010 WL 1779279, at *4 (S.D.N.Y. Apr. 23, 2010) (holding that litigants are bound by the conduct of their attorneys, although such conduct may give rise to malpractice claims); *Brooks v. Kmart Corp. (In re Kmart Corp.)*, 315 B.R. 718, 723 (N.D. Ill. 2004) (where "the responsibility for delay is that of

3

claimant's counsel, that responsibility must be attributed to the claimant ..."). If the Pressmans believe their counsel failed them, their remedy is to pursue a claim against counsel, not to seek relief under Rule 4004(b)(2).

The Pressmans also contend that they allegedly first "learned" of concealments of property after the June 23, 2023 deadline had already passed. More particularly, the Pressmans contend that the Debtor's ongoing expenses (which were disclosed in the schedules that the Debtor filed in March 2023) exceed the assets that were listed on those same schedules. The Pressmans conclude that the Debtor therefore must be hiding assets.[1] However, the Pressmans' contentions admittedly are based entirely on information that was available to them (either on the public docket or from other sources) prior to June 23, 2023. Reliance on that previously-available information is not a proper grounds for a requested extension under Rule 4004(b)(2).

First, as stated above the Pressmans are charged with the knowledge and actions of their former counsel. Counsel plainly was aware of the information set forth in the filed Schedules. In fact, counsel filed a request for discovery under Rule 2004 specifically for the purpose of investigating wrongdoing by the Debtor, and cited information in the filed Schedules as a topic about which the Pressmans wanted further discovery. The supporting application alleged that the Debtor had "retained certain rental payments and sale proceeds relating to [real property] and failed to account for or distribute amounts owed to the Applicants," that the Debtor nevertheless had disclosed only limited assets in her bankruptcy Schedules, and that the Pressmans desired to investigate this further:

---

[1] I note in passing that the Pressmans have not actually identified any previously concealed assets; they just surmise, based on their calculations, that such assets must exist. Their conclusions are hardly rock-solid. The Debtor's counsel contends that the Debtor obtained new employment after filing the petition and is covering her expenses through her new earnings.

4

> Despite the substantial amounts of money provided to the Debtor by the Applicants and the substantial amount of money retained by the Debtor from the rental and sale of the Apartment, the Debtor's schedules evidence total assets of less than $8,000, with under $2,400 in available cash (ECF No. 8). As is further evidenced by the Debtor's schedules, she does not own any real property or any other material tangible asset to account for the monies. Quite simply, the Applicants seek to take the Debtor's examination to determine what happened to the money which has been provided her in recent years.

*See Application for Rule 2004 Examination* [ECF No. 12], ¶¶ 8-10. The Debtor agreed to this request, and the Court entered an Order on April 26, 2023 that approved the issuance of a subpoena for documents and for testimony. [ECF No. 14.]

The testimony of the Debtor was taken on May 22, 2023. Thereafter, counsel for the Pressmans asked for a further extension of the objection deadline to June 23, 2023, and affirmatively represented that "[t]he requested extension will allow the Movants sufficient time to review the documents and information obtained in connection with the Rule 2004 Order and examination and determine whether grounds exist to object to the entry of a discharge." *See Second Motion for Extension of Time to File a Dischargeability Complaint under Sections 523 and 727 of the Bankruptcy Code* [ECF No. 20], ¶ 6.

For purposes of the present motion, the Pressmans are charged with the knowledge of their agent (their former counsel), and they have failed to identify any information that was not known to counsel. It is no excuse for the Pressmans to say that they elected to fire their attorney in early June. They are charged with knowing what he knew, and it was their responsibility to ensure (through new counsel or otherwise) that potential objections to discharge were pursued promptly. They did not do so.

Second, even if the Pressmans were *not* chargeable with the knowledge of their prior counsel they still would not be entitled to use their own lack of diligence in reviewing and digesting the available facts to justify a belated request for relief from the deadlines set forth in

5

Rule 4004.  Courts have long held that creditors are required to act diligently if they seek to object to a debtor's discharge.  *In re Robinson*, 2013 Bankr. LEXIS 3267 *7-9 (Bankr. S.D.N.Y. Aug. 1, 2013).  If a creditor has not done so, then that lack of diligence is grounds for denial of an extension under Rule 4004(b) even when the request for such an extension is made *before* the deadline has expired.  *Id.; see also In re Nowinski*, 291 B.R. 302, 306-7 (Bankr. S.D.N.Y. 2003) (holding that a creditor had not acted with sufficient diligence to support an extension).  If the lack of pre-deadline diligence in pursuing available facts supports the denial of a *timely* request for an extension, then plainly that same lack of pre-deadline diligence in pursuing available facts must be grounds for denial of a motion for an extension that is not filed until *after* the deadline has already expired.  *See, e.g., 421 Chestnut Partners, LP v. Aloia (In re Aloia)*, 496 B.R. 366, 385-86 (Bankr. E.D. Pa. 2013) (holding that "implicit in Rule 4004(b)(2) is the requirement that a party, seeking relief by asserting that it first learned of the debtor's fraud during the gap period, demonstrate some degree of diligence in investigating the debtor's financial affairs prior to the expiration of the deadline for objecting to discharge, especially when it had reason to suspect possible fraud"); *see also Link v. Mauz (In re Mauz)*, 513 B.R. 273, 279-80 (Bankr. M.D. Pa. 2014) (same).

       The Pressmans were aware of the bankruptcy filing.  They have long claimed that the Debtor diverted assets and committed various wrongs against them.  Like all creditors, they had an obligation to act diligently if they wished to object to discharge.  They did not do so.  They cannot use their own delays in reviewing the available facts in support of a contention that they did not "know" of the facts prior to the June 23, 2023 deadline.

       Based upon the foregoing, and for the reasons set forth on the record of the Hearing, it is hereby

ORDERED, that the Pressmans' Motion under Federal Rules of Bankruptcy Procedure to Extend the Time to Object to Discharge Under Rule 4004(b)(2) is denied.

Dated: New York, New York
August 31, 2023

/s/ **Michael E. Wiles**
UNITED STATES BANKRUPTCY JUDGE